IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-26-FL

| | |
|---|---|
| MICHAEL MAROM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| TOWN OF GREENBURGH and PAUL FEINER, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendants' motion to dismiss for lack of personal jurisdiction and improper venue. (DE 10). The motion has been fully briefed, and, in this posture, the issues presented are ripe for ruling. For reasons noted, the motion is granted.

## BACKGROUND

Plaintiff is a resident of North Carolina. Defendant Town of Greenburgh ("Greenburgh") is a municipal corporation organized and existing under the laws of New York. Defendant Paul Feiner is Greenburgh's town supervisor. Proceeding pro se, plaintiff initiated this action January 24, 2018, asserting claims of defamation, selective prosecution, due process violations, takings, and violations of the Freedom of Information Act, 5 U.S.C. § 552, on grounds that defendants initiated legal proceedings to prevent plaintiff from constructing a house on his property within the jurisdiction of Greenburgh and withheld from plaintiff certain information pertinent to said proceedings. Of particular relevance to the instant motion, plaintiff alleges that defendants held a town board meeting April 18, 2017, where, in the course of finding that plaintiff's partially

constructed house is an "eyesore," made false and defamatory statements about plaintiff and published same through Greenburgh's website. (Id. ¶¶ 8, 9, 16, 18, 21, 23, 24, 30)

As or shortly after the foregoing unfolded, plaintiff moved from his former residence within defendant Greenburgh's jurisdiction to his current residence in North Carolina. This action followed. Defendant filed the instant motion February 20, 2018, seeking dismissal on grounds that neither defendant has sufficient contacts with this forum to give rise to personal jurisdiction and that venue is improper.

**DISCUSSION**

A.   Standard of Review

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). Where defendant disputes jurisdiction through affidavits or otherwise, plaintiff may not rest on mere conclusory allegations. See McLaughlin v. McPhail, 707 F.2d 800, 806 (4th Cir. 1983). Rather, plaintiff must come forward with affidavits or other evidence to counter defendants' arguments. See id. (affirming dismissal under Rule 12(b)(2) where, "[a]gainst the defendants' affidavits," a plaintiff "offered nothing beyond his bare allegations that the defendants had . . . significant contacts" with the forum state). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

2

B.  Analysis

This court may not assert personal jurisdiction over a non-resident defendant, unless the exercise of personal jurisdiction is authorized by both North Carolina's long-arm statute and the Fourteenth Amendment's Due Process Clause. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). However, because "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause," the only question before the court is whether the "defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 (1945)).

> There are two types of personal jurisdiction.
>
> First, a court may find specific jurisdiction based on conduct connected to the suit. If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. Second, a court may exercise personal jurisdiction under the theory of general jurisdiction, which requires a more demanding showing of continuous and systematic activities in the forum state.

Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012) (citations omitted).

"For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Walden v. Fiore, 571 U.S. 277, 284 (2014). Under the test established by the Fourth Circuit, to determine whether it has personal jurisdiction over a defendant, a court is to consider: 1) the extent to which a defendant purposefully availed itself of the privilege of conducting activity in the forum state, or otherwise invoked the benefits and protections of the state's laws; 2) whether the plaintiffs' claims arose out of those

3

activities directed at the forum state; and 3) whether exercising personal jurisdiction over the defendant is constitutionally reasonable. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 294 (4th Cir. 2009).

In Young v. New Haven Advocate, the Fourth Circuit considered circumstances under which online publication of allegedly defamatory information may give rise to personal jurisdiction and held that personal jurisdiction does not arise from the fact, standing along, that an online publication might reach an audience in the forum state. 315 F.3d 256, 262 (4th Cir. 2002). Rather, this court must consider whether a publisher of allegedly defamatory material "aimed or directed its conduct toward the forum state." Id. at 262 (citing Calder v. Jones, 465 U.S. 783 (1984) (holding personal jurisdiction existed in California in a libel case where defendant's Florida publication allegedly defamed a California resident and where California "was the focal both of the story and of the harm suffered.")).

Here, the court is without personal jurisdiction. Specifically, as in Young, the only purported basis for personal jurisdiction advanced by plaintiff is that defendant posted online allegedly defamatory information. (See DE 1 ¶¶ ¶¶ 8, 9, 16, 18, 21, 23, 24, 30). The complaint reveals that the subject matter of such statements is a dispute that took place in New York, the dispute concerns real property located in New York, and all parties were located in New York at pertinent times. (See id.). Moreover, nothing indicates that any publication by defendants was "aimed or directed" at North Carolina. Young, 315 F.3d at 262. Accordingly, this case is closely analogous to Young and, for that reason, defendants' motion to dismiss for lack of personal jurisdiction is granted. See id.

Plaintiff argues that where at least some of the reputational harm alleged in the complaint may be characterized as occurring within North Carolina, such injury constitutes a substantial

4

connection with the forum state. As the Fourth Circuit held in Young, the place where a plaintiff would feel the negative effects of tortious action is relevant to jurisdictional analysis. Id. at 263. However, availability of allegedly defamatory information within the forum state, where such availability arises merely by virtue of online publication, is not sufficient minimum contacts to give rise to personal jurisdiction. Id. For this reason, plaintiff's argument fails, and the case must be dismissed for lack of personal jurisdiction. See id.

Where the case must be dismissed for lack of personal jurisdiction, the court does not reach defendants' venue arguments.

## CONCLUSION

For reasons noted, defendants' motion to dismiss, (DE 10), is GRANTED, and plaintiff's claims are DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of July, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge

5