IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-26-FL

| | |
|---|---|
| MICHAEL MAROM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| TOWN OF GREENBURGH and PAUL FEINER, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on plaintiff's motion for relief from judgment, made pursuant to Federal Rule of Civil Procedure 60(b). The motion has been fully briefed, and in this posture the issues presented are ripe for ruling. For reasons noted, the motion is granted.

## BACKGROUND

On July 16, 2018, this court granted defendants' motion to dismiss on the ground that the court is without personal jurisdiction over defendants. The clerk entered judgment that day. Plaintiff subsequently moved for reconsideration of the dismissal order, which motion was denied. Finally, plaintiff filed the instant motion July 24, 2018, seeking relief from judgment on grounds that where the statute of limitations for defamation claims elapsed during pendency of this case, the court should transfer the case to a proper venue rather than cause plaintiff's claims to be procedurally barred.[1]

---

[1] In their motion to dismiss and in response to the instant motion, defendants do not dispute plaintiff's contention that this case was timely filed and that the applicable statute of limitations elapsed during pendency of this case.

**DISCUSSION**

A.    Standard of Review

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

B.    Analysis

    1.    Rule 60(b) motion

Plaintiff filed the instant motion eight days after entry of judgment. Thus, the motion is timely filed. Additionally, the only prejudice to defendants associated with the instant motion and requested relief is delay and burden to defend plaintiff's claims. However, delay and burden to defend claims is not the type of prejudice that justifies allowing claims to be procedurally barred. See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 418 (4th Cir. 2010). Accordingly, the court turns its address to whether plaintiff has demonstrated a meritorious

claim.

Although the court has not determined what substantive law applies to the claims at issue, the law of defamation is substantially similar in New York and North Carolina. "In order to recover for defamation in North Carolina, a plaintiff must show that the defendant (1) made false, defamatory statements of or concerning the plaintiff, which were (2) published to a third person, (3) causing injury to the plaintiff's reputation." Lanier Const. Co., Inc. v. City of Clinton, N.C., 812 F. Supp. 2d 696, 700 (E.D.N.C. 2011). Defamation can be in the form of libel, any false written publication to a third party, or slander, a false oral communication published to a third party. Cummings v. Lumbee Tribe of North Carolina, 590 F. Supp. 2d 769, 774 (E.D.N.C. 2008). "To establish a claim for defamation per se, a plaintiff must prove: (1) defendant spoke or published base or defamatory words which tended to prejudice him in his reputation, office, trade, business or means of livelihood or hold him up to disgrace, ridicule or contempt; (2) the statement was false; and (3) the statement was published or communicated to and understood by a third person." Id. (internal quotes omitted). "For defamation per se, malice and damages are presumed as a matter of law." Id. "When the defamatory character of the words does not appear on their face, but only in connection with extrinsic, explanatory facts, they are only actionable as . . . [defamation] per quod." Id. "When stating a claim for defamation per quod, a plaintiff must plead and prove special damages and malice, in addition to the aforementioned elements of a claim for defamation per se." Id.

New York courts apply a substantially similar doctrine, which the Second Circuit has summarized as follows:

> The elements of a cause of action for slander [or libel] under New York law are (i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) "of and concerning" the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander [or libel]

3

per se, and (vii) not protected by privilege.

Albert v. Loksen, 239 F.3d 256, 265–66 (2d Cir. 2001) (citations omitted).

Where plaintiff's complaint is verified, it operates as plaintiff's affidavit. See Carter v. Fleming, 879 F.3d 132, 141 n. 8 (4th Cir. 2018) (citing Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ("[A] verified complaint is the equivalent of an [] affidavit . . . when the allegations contained therein are based on personal knowledge.")). In his verified complaint, plaintiff alleges multiple acts that may constitute defamation. For example, plaintiff alleges that defendants stated that plaintiff engaged in violence, made threats of violence, is a defendant in criminal proceedings, and exhibits a vicious and manipulative character. (DE 1 ¶ 16). Plaintiff alleges these assertions are false, (id. ¶ 17), and that defendants published the false statements via their website. (Id. ¶ 16).

Under the law of New York and North Carolina, statement that a person was involved in criminal activity is a type of defamation per se. Davis v. Askin's Retail Stores, 211 N.C. 551 (1937); Knutt v. Metro Intern., S.A., 938 N.Y.S.2d 134, 137 (2012). Therefore, where plaintiff alleges that defendants published false accusations of criminal activity, the verified complaint constitutes evidence that defendants defamed plaintiff. Accordingly, plaintiff has demonstrated existence of a meritorious case for purposes of the instant motion. See Nat'l Credit Union Admin. Bd., 1 F.3d at 264. In light of this holding, the court need not pass upon the merit of plaintiff's other theories of defamation or other claims.

Turning now to whether plaintiff has satisfied "one of the six enumerated grounds for relief under Rule 60(b)[,]" id. at 266, the court finds that plaintiff's motion should be allowed under either Rule 60(b)(1) or Rule 60(b)(6). In particular, while plaintiff could have requested transfer pursuant

4

to 28 U.S.C. § 1406 in conjunction with his opposition to defendants' motion to dismiss, where plaintiff is proceeding pro se, failure to perceive his options under the law of civil procedure, on these facts, either constitutes excusable neglect or, alternatively, the fact that plaintiff could not control the timing of resolution of his claims before this court justifies relief. Therefore, plaintiffs Rule 60(b) motion is allowed.

    2.    Transfer

Defendants are located in the Southern District of New York. The Southern District of New York also is the judicial district in which allegedly defamatory statements were published. Therefore, venue is proper in that district. See 28 U.S.C. § 1391(b). The court may transfer this case to the appropriate venue. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Therefore, in the interest of justice, the clerk is directed to transfer plaintiff's case to the United States District Court for the Southern District of New York and amend the judgment to bring it in conformity with this order.

## CONCLUSION

Plaintiff motion for relief from judgment, (DE 20), is GRANTED. The case is TRANSFERRED to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1406(a). The clerk is DIRECTED to amend the judgment, (DE 17), to bring it in conformity with this order.

SO ORDERED, this the 20th day of August, 2018.

                                          _____
                                          LOUISE W. FLANAGAN
                                          United States District Judge